# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUERETHER DE JEAN,<br><br>      Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>      Defendant. | Case No.: 1:16-cv-00319-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for period of disability, supplemental security income, and disability insurance benefits. (ECF No. 1.) The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8.)

Plaintiff argues that the ALJ improperly rejected the medical evidence from an examining physician, Dr. Sarah Song, M.D. Dr. Song had performed a neurologic consultation on June 4, 2012. (A.R. 501). Following an examination, Dr. Song diagnosed the Plaintiff with "Reported history of Parkinson's disease, increased tone noted," and "Lumbago." (A.R. 503). Dr. Song then provided the following opinion:

> From a functional standpoint, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk for two

1

> to four hours in an eight hour work day. The claimant can sit six hours in an eight hour work day. Exertional limitations include occasional climbing, stooping, kneeling, balancing, crouching and crawling.

(A.R. 503).

The ALJ discussed the opinion of Dr. Song in her opinion denying benefits. (A.R. 12). The ALJ summarized Dr. Song's report and medical observations, as well as her opinions about Plaintiff's functional limitations. (A.R. 12-13). The ALJ then concluded "I give little weight to Dr. Song's opinion, as it is overly restrictive considering the relatively normal examination. There is no objective evidence that the claimant has Parkinson's." (A.R. 13).

"[T]his circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Generally, the opinion of treating physicians should be afforded greater weight than that of both examining physicians and nonexamining physicians. *Id*. In turn, the opinion of examining physicians should be afforded greater weight than that of nonexamining physicians. *Id*.

An ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Id.* (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).

Here, Dr. Song is an examining doctor whose opinion was contradicted by examining physician Dr. Englen, (A.R. 656), as well as state consulting physicians. This Court thus evaluated whether the ALJ provided specific and legitimate reasons that are supported by substantial evidence.

2

The Court finds that the ALJ's reasoning that Dr. Song's opinion was overly restrictive given the relatively normal examination, and that there was no objective evidence of Parkinson's, satisfies this requirement. The examination, which was summarized in some detail by the ALJ, (A.R. 12), showed normal findings, which did not support a diagnosis of Parkinson's or the functional limitations given by Dr. Song. For example, the mental status examination revealed, "The claimant is awake, alert, oriented to time, place, person and situation. Normal attention, normal fluent speech, naming repetition. Normal comprehension. Euthymic without delusion or hallucination." (A.R. 502). Motor examination reflected "slightly increased tone in bilateral upper extremities. Full 5/5 power in four extremities." (A.R. 502). Coordination was normal. (A.R. 502). Gait was normal. (A.R. 503). Dr. Song does not point to any test result that supported either the diagnosis of Parkinson's or functional limitations. Notably, while Plaintiff argues that the ALJ's reasons were insufficient, her brief similarly fails to cite to any objective finding in Dr. Song's examination that would support such limitations.

The Court finds that the ALJ has set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Song's opinion.

Accordingly, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 1, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3